**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.                                                          NO. 4:98cr17

VERNON LEE TURNER,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(d) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on February 6, 2006. For the reasons set forth below, the Court FINDS that defendant's detention is warranted.

After being convicted of one count of receiving and possessing a firearm with an obliterated serial number, the defendant was sentenced on February 14, 2001, to a prison term of 48 months, as well as 3 years supervised release. Defendant was also ordered to pay a $100.00 special assessment. The Court imposed general and special terms and conditions on the defendant's supervision. The defendant began serving his period of supervised release on May 7, 2004, following his release from confinement.

On July 9, 2004, a Waiver of Hearing to Modify Conditions of Supervised Release was filed with the Court as defendant had tested positive for the use of a controlled substance. The defendant was directed to participate in the outpatient program at Bruder Counseling, in lieu of residential treatment, with costs to be paid

by defendant, as directed by the probation officer.

On October 27, 2004, United States Probation Officer Laszlo V. Mako filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised release. Specifically, the Petition alleged that the defendant failed to satisfactorily participate in a drug treatment program, failed to pay the special assessment as directed by the Court, failed to report to the probation officer as directed, failed to submit monthly supervision reports as directed, failed to follow the instructions of the probation officer, failed to work regularly, failed to notify the probation officer within 72 hours of change in employment, and that the defendant had tested positive for the use of marijuana.

A warrant was issued for defendant's arrest on November 3, 2004, and he made his initial appearance before the Court on the Petition on April 15, 2005.

On May 23, 2005, the defendant's supervised release was revoked. He was sentenced to time served and an additional 3 months and 2 weeks of imprisonment, as well as 28 months of supervised release to follow. The Court also imposed special conditions on the defendant's supervision. The defendant began serving his period of supervised release on August 2, 2005, following his release from confinement.

On November 15, 2005, United States Probation Officer Laszlo

V. Mako filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised release. Specifically, the Petition alleged that the defendant failed to report in person to the probation office within 72 hours of release from custody of the Bureau of Prisons. A warrant was issued for the defendant's arrest on November 16, 2005, and he made his initial appearance before the Court on the Petition on February 3, 2006.

At the hearing held on February 6, 2006, the defendant waived his preliminary hearing. A defendant may waive his preliminary hearing. See Fed. R. Civ. P. 5.1(a)(1). The defendant then declined to put on evidence regarding his detention and waived his detention hearing. A defendant may also waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f). See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)).

In reaching its determinations herein, and accepting the defendant's waiver of his rights to both preliminary and detention hearings, the Court took into account the defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to both hearings. The Court also notes that the defendant was represented by counsel when he waived his rights

to preliminary and detention hearings.

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services office at Norfolk, and (iv) counsel of record for the defendant.

                                            /s/
                                 F. Bradford Stillman
                                 United States Magistrate Judge

Norfolk, Virginia

February 7, 2006